# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 4:17-cv-10077-KING/SIMONTON

WILLIAM CHANEY, individually,

      Plaintiff,

vs.

CERTAIN UNDERWRITERS AT LLOYDS
OF LONDON (THOSE UNDERWRITERS
SUBSCRIBING TO CERTIFICATE OF
INSURANCE NUMBER 157044),

      Defendant.

_____/

### LLOYD'S ANSWER, AFFIRMATIVE DEFENSES, MOTION TO DISMISS, AND COUNTERCLAIM FOR DECLARATORY RELIEF

Defendant, Certain Underwriters at Lloyds of London (Those Underwriters Subscribing to Certificate of Insurance Number 157044) ("Lloyd's") hereby files its Answer, Affirmative Defenses, Motion to Dismiss, and Counterclaim for Declaratory Relief in response to the Amended Complaint filed by Plaintiff, William Chaney ("Chaney"), and states as follows:

### ANSWER

1.     Lloyd's admits the allegations contained in Paragraph 1 of Chaney's Amended Complaint for jurisdictional purposes only.

2.     Lloyd's is without knowledge as to the allegations contained in Paragraph 2 of Chaney's Amended Complaint.

3.     Lloyd's admits the allegations contained in Paragraph 3 of Chaney's Amended Complaint.

4.      Lloyd's denies the allegations contained in Paragraph 4 of Chaney's Amended Complaint as phrased.

5.      Lloyd's admits venue is proper in Monroe County and that this action was properly removed to the Federal District Court for the Southern District of Florida, but is without knowledge as to the remaining allegations contained in Paragraph 5 of Chaney's Amended Complaint.

6.      Lloyd's admits that Chaney and Lloyd's entered into a contract of insurance with Effective Date July 30, 2015; however, Lloyd's denies same is attached to Chaney's Amended Complaint as Exhibit A.

7.      Lloyd's denies the allegations contained in Paragraph 7 of Chaney's Amended Complaint.

8.      Lloyd's admits that the Grand Cru sank at its mooring in Key Largo, Florida. Lloyd's denies the remaining allegations contained in Paragraph 8 of Chaney's Amended Complaint.

9.      Lloyd's is without knowledge as to the allegations contained in Paragraph 9 of Chaney's Amended Complaint.

10.     Lloyd's is without knowledge as to the allegations contained in Paragraph 10 of Chaney's Amended Complaint.

11.     Lloyd's is without knowledge as to the allegations contained in Paragraph 11 of Chaney's Amended Complaint.

12.     Lloyd's admits Chaney filed an insurance claim, but denies the remaining allegations contained in Paragraph 12 of Chaney's Amended Complaint.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

13.     Lloyd's denies the allegations contained in Paragraph 13 of Chaney's Amended Complaint.

14.     The allegations contained in Paragraph 14 of Chaney's Amended Complaint are the subject of Lloyd's Motion to Dismiss. Therefore, at this time, no response is required or permitted. Fed. R. Civ. P. 12(b). To the extent any response is deemed necessary, Lloyd's denies the allegations contained in Paragraph 14.

15.     The allegations contained in Paragraph 15 of Chaney's Amended Complaint are the subject of Lloyd's Motion to Dismiss. Therefore, at this time, no response is required or permitted. Fed. R. Civ. P. 12(b). To the extent any response is deemed necessary, Lloyd's denies the allegations contained in Paragraph 15.

16.     Lloyd's denies the allegations contained in Paragraph 16 of Chaney's Amended Complaint.

17.     Lloyd's denies the allegations contained in Paragraph 17 of Chaney's Amended Complaint.

18.     Lloyd's lacks sufficient knowledge or information to form a belief about the truth of Paragraph 18 of Chaney's Amended Complaint.

19.     No response to Paragraph 19 of Chaney's Amended Complaint is required.  To the extent any response is deemed necessary, Lloyd's denies the allegations contained in Paragraph 19.

**Count I – Breach of Contract**

20.     Lloyd's reasserts and re-alleges its responses in Paragraphs 1 through 19 of Chaney's Amended Complaint above as if more fully set forth at length herein.

21.     Lloyd's admits that a partial copy of the contract of insurance with Effective Date July 30, 2016 is attached to Chaney's Amended Complaint as Exhibit A.

3

22.     Lloyd's denies the allegations contained in Paragraph 22 of Chaney's Amended Complaint.

23.     The allegations contained in Paragraph 23(a) through (d) of Chaney's Amended Complaint are the subject of Lloyd's Motion to Dismiss. Therefore, at this time, no response is required or permitted to those allegations. Fed. R. Civ. P. 12(b). To the extent any response is deemed necessary, Lloyd's denies the allegations contained in Paragraph 23(a) through (d). Further, Lloyd's denies the allegations contained in Paragraph 23(e) through (j).

24.     Lloyd's denies the allegations contained in Paragraph 24 of Chaney's Amended Complaint.

25.     Lloyd's denies the allegations contained in Paragraph 25 of Chaney's Amended Complaint.

Lloyd's denies each and every allegation in Chaney's Amended Complaint, including the unnumbered prayer for relief following the enumerated paragraphs of the Amended Complaint, unless specifically admitted or otherwise addressed herein.

WHEREFORE, Defendant, Certain Underwriters at Lloyd's of London (Those Underwriters Subscribing to Certificate of Insurance Number 157044) respectfully requests that judgement be entered in Lloyd's favor and against Chaney and for such other and further relief as this Court may deem just and appropriate.

## AFFIRMATIVE DEFENSES

In further answering, Lloyd's alleges the following affirmative defenses:

1.     Lloyd's entered into a policy of insurance with William Chaney from 30 July 2016 12:01 AM to 30 July 2017 12:01 AM Local Standard Time insuring a 2004 43' Cabo, Hull Identification Number CHXF0039A404, Contract No. B0621MASRSWV15BND, Certificate

4

No. 157044 (the "Policy") which contains certain implied and express conditions and exclusions that bar coverage for Chaney's claim.  A true and correct copy of the Policy is attached hereto as Exhibit "1".

2.      Chaney breached the implied warranty of seaworthiness, voiding coverage from the inception of the Policy.

3.      Chaney failed to state a cause of action because the Policy excludes hull coverage arising directly or indirectly from negligent repairs.

4.      Chaney failed to state a cause of action because the Policy excludes hull coverage arising directly or indirectly from manufacturer's defects.

5.      Chaney breached the express warranty of seaworthiness in the Policy, voiding coverage under the Policy.

6.      Chaney failed to disclose that the vessel was not seaworthy, voiding coverage under the Policy.

7.      Chaney failed to use reasonable care in selecting a company and/or individual to perform the repairs to his vessel that caused it to sink at the dock.

8.      Chaney failed to use reasonable care in inspecting the vessel while moored at the dock.

9.      Chaney failed to use reasonable care to prevent an interruption in shore power, which was foreseeable, and failed to use reasonable care to mitigate the effects of same, which were also foreseeable.

10.     Chaney failed to mitigate his damages after the vessel sank.

11.     Lloyd's is entitled to setoff the cost of any damages incurred by Chaney, which Lloyd's denies, against the salvage value of the vessel.

Fowler White Burnett P.A. • One Financial Plaza, Suite 2100, 100 Southeast Third Avenue, Fort Lauderdale, FL 33394• (954) 377-8100

12.     Chaney's damages, if any, are limited by the terms of the Policy.

13.     Chaney's claims are barred by his unclean hands.

14.     Lloyd's reserves the right to raise additional Affirmative Defenses, as they present themselves in the future.

### MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION TO STRIKE

Plaintiff, Certain Underwriters at Lloyd's of London (Those Underwriters Subscribing to Certificate of Insurance Number 157044) ("Lloyd's") files this Motion to Dismiss Plaintiff, William Chaney's ("Chaney") Amended Complaint in accordance with Fed. R. Civ. P. 12(b)(6), 12(g), and 12(f) and would respectfully show the Court as follows:

Chaney's Amended Complaint purports to allege ten different contractual breaches by Lloyd's.  However, certain of these alleged breaches, Paragraphs 14, 15, and 23 (a) through (d), are not supportive of any breach of contract and must be dismissed.  Further, these alleged breaches are critical of how the investigation into Chaney's claim was handled by Lloyd's, post loss,  and appear to actually be allegations of bad faith which are impermissible and premature at this stage.

In Paragraphs 14 and 15 of his Amended Complaint, Chaney alleges:

14.     As is set forth in Exhibit "C," Lloyds denied Mr. Chaney" claim without performing an adequate investigation in the cause of the sinking.

15.     Lloyds attributed the sinking to a broken fitting attached to the Gran Cru's livewell bait system. However, prior to its denial of Mr. Chaney's claim, Lloyds had not tested that fitting to see if the fitting in fact leaked, when any failure of the fitting occurred, what the leak rate was, if any, or what caused the failure. Lloyds performed no testing to determine the cause of any failure even though its marine surveyor specifically recommended destructive testing in order to make that determination. Thus, Lloyds denied Mr. Chaney's claim on the basis of speculation.

(DE 12 ¶¶ 14-15).

6

In Paragraph 23(a) through (d) of his Amended Complaint, Chaney alleges that Lloyd's breached the insurance policy attached as Exhibit A (the "Policy") by, *inter alia*:

    (a) Failing to adopt and implement standards for the proper investigation of claims.

    (b) Failing to perform a proper investigation into Mr. Chaney's claim.

    (c) Failing to ascertain the cause of the loss, but, yet, denying Mr. Chaney's claim.

    (d) Denying Mr. Chaney's claim on the basis that damage resulted from negligent repairs when Lloyd's had made no such determination.

(DE 12 at 4 ¶ 23(a) through (d)).

First, these allegations do not reflect Lloyd's obligations as set forth in the Policy attached as Exhibit A to Chaney's Amended Complaint. In order to maintain a cause of action for breach of contract, the plaintiff must allege that the contract was breached. *Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1231, 1241 (S.D. Fla. 2011). A claim for breach of an insurance policy should be dismissed where the plaintiff's allegations are inconsistent with the terms of the insurance policy. *See id.* at 1241-42 ("If Plaintiffs purport to allege a breach of contract based on the proposition that Pacific Life promised it intended for its policies to meet the 412(i) requirements, but breached the contract because it did not intend to meet these requirements, then the allegations must state this. A breach of contract claim because the policies 'did not and could not satisfy the requirements of Section 412(i),' Am. Compl. ¶ 34, does not allege a breach of the intention to comply with 412(i). Therefore, Plaintiffs' breach of contract claim will be dismissed without prejudice."). Here, as in *Zarrella*, the allegations contained in Paragraphs 14, 15, and 23(a) through (d) fail to plead any breach because the express language of the Policy does not contain any of the provisions, or otherwise obligate Lloyd's, to act as alleged in Paragraphs 14, 15, or 23(a) through (d). In fact, the allegations of Paragraphs 14, 15, and 23(a)

7

and (b) sound in negligence, not breach of contract, as they plainly allege a certain standard of conduct (e.g. an "adequate investigation", a "proper investigation", and "speculation") and Lloyd's failure to comply with same. Because these allegations attempt to expand Lloyd's obligations beyond those explicitly stated in the policy, the allegations should be dismissed as improperly pled breaches of contract.

Independently, Paragraphs 14, 15, and 23(a) through (d) must be dismissed because individually and collectively, they amount to allegations of misconduct and bad faith on the part of Lloyd's.  A district court may supplement the general maritime law with substantive state law where the state law does not conflict with any feature of substantive admiralty law or any remedy peculiar to admiralty jurisdiction. *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 207 (1996). Because the general maritime law does not provide a cause of action or bad faith, this Court looks to substantive Florida law. *F.W.F., Inc. v. Detroit Diesel Corp.*, 494 F. Supp. 2d 1342, 1380 (S.D. Fla. 2007), *aff'd,* 308 Fed. Appx. 389 (11th Cir. 2009).  It is axiomatic that an action for bad faith in Florida cannot be made before the underlying coverage is determined. *Fridman v. Safeco Ins. Co. of Illinois*, 185 So. 3d 1214, 1224 (Fla. 2016) (internal citations omitted).  Because Florida law applies, Chaney's allegations of bad faith cannot be brought until the coverage issue has been litigated. *See Katchmore Luhrs, LLC v. Allianz Glob. & Corp. Specialty*, 15-23420-CIV-GOODMAN, 2016 WL 7336717, slip op., at *1 (S.D. Fla. Dec. 19, 2016) (abating bad faith claims brought by the insured under a marine insurance policy until the breach of contract claims were resolved).

In the alternative, these allegations should be stricken as redundant, immaterial or impertinent in accordance with Rule 12(f).  A motion to strike should be granted where "the matter sought to be omitted has no possible relationship to the controversy, may confuse the

Fowler White Burnett P.A. • One Financial Plaza, Suite 2100, 100 Southeast Third Avenue, Fort Lauderdale, FL 33394• (954) 377-8100

issues, or otherwise prejudice a party." *Blake v. Batmasian*, 318 F.R.D. 698, 700–01 (S.D. Fla. 2017).  An allegation is "immaterial" if it "has no value in developing the issues of the case." *Id.* at 700 n.2.  An allegation will be found "impertinent" where "it is irrelevant to the issues and which are not properly in issue between the parties." *Id.* at 700 n.3.  An allegation is properly stricken where the plaintiff states or argues in its complaint the defendant's  position regarding a contested issue. *Id.* at 701. Thus, Paragraphs 14, 15, and 23(a) through (d) should be stricken because Chaney's allegations improperly attempt to state Lloyd's positions as to its investigation and reason(s) Chaney's claim was denied.

Here, the allegations contained in Paragraphs 14, 15, and 23(a) through (d) are irrelevant and immaterial to Chaney's breach of contract claim. The parties are governed by the terms and conditions of the Policy, which do not contain the allegations in question or require Lloyd's to act as alleged. These allegations are designed to improperly heighten or enhance the Lloyd's duty to Chaney beyond those explicitly agreed to by the Lloyd's in the policy. Therefore, these allegations are premature and highly prejudicial, particularly before coverage has been determined. Permitting these allegations to remain in the Amended Complaint would serve to prejudice the trier of fact against Lloyd's, particularly as Lloyd's is a foreign insurer.

Fowler White Burnett P.A. • One Financial Plaza, Suite 2100, 100 Southeast Third Avenue, Fort Lauderdale, FL 33394• (954) 377-8100

## COUNTERCLAIM FOR DECLARATORY RELIEF

Defendant/Counter-Plaintiff, Certain Underwriters at Lloyd's of London (Those Underwriters Subscribing to Certificate of Insurance Number 157044) ("Lloyd's") files this Counterclaim for Declaratory Judgment against Plaintiff/Counter-Defendant, William Chaney ("Chaney") and in support thereof states as follows:

### PARTIES AND JURISDICTION

1. Chaney is an individual residing in Monroe County, Florida. Chaney filed the above-captioned lawsuit.

2. Lloyd's is a foreign corporation with its principal place of business in London, England. Lloyd's is appearing in this lawsuit pursuant to this Answer, Motion to Dismiss, and Counterclaim.

3. Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over this lawsuit because Chaney and Lloyd's are citizens of different states and because the amount in controversy exceeds $75,000.00, excluding interest and costs.

4. Pursuant to Fed. R. Civ. P. 9(h) and 28 U.S.C. § 1333, the Court has original subject matter jurisdiction of this dispute in the exercise of its admiralty jurisdiction.

5. This is an action for declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201-02. An actual and substantial controversy exists between the parties. By this action, Lloyd's seeks a declaration of no insurance coverage with respect to the claims asserted by Chaney in the underlying lawsuit.

6. Venue is proper in the Key West Division of the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1392(b)(2) because the underlying lawsuit is pending in this District and Division.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

<u>FACTS</u>

7.      Lloyd's entered into a policy of insurance with William Chaney from 30 July 2016 12:01 AM to 30 July 2017 12:01 AM Local Standard Time insuring a 2004 43' Cabo, Hull Identification Number CHXF0039A404, Contract No. B0621MASRSWV15BND, Certificate No. 157044 (the "Policy") which contains certain implied and express conditions and exclusions that bar coverage for Chaney's claim.  A true and correct copy of the Policy is attached hereto as Exhibit "1".

8.      The Policy contains, in part, the following provisions:

**DEFINITIONS**

**A.** **"*You*" and "*Your*" -** means the ***Insured*** named on the ***Declarations Page*** and any person who has any legal or beneficial interest in any corporation, trust or entity declared as the owner of the Boat declared on the ***Declarations Page*** or described as an additional insured thereon.

**B.** **"*We*", "*Us*" and "*Our*" -** means the Underwriters providing this insurance named on the Schedule of Insurers.

**J.** **"*Property Damage*"** - means property damage occurring during the period of this insurance arising from the ownership and/or use of the ***Boat*** insured hereunder.

**K.** **"Boat"** - means the ***Boat*** described on the ***Declarations Page*** and may include integral components, equipment and accessories normally used on the ***Boat*** and pertinent to the operation of the ***Boat.*** The ***Boat*** includes hull(s), deck, cabin, deck hardware and fixtures and fittings, for the use and/or safety of the ***Boat*** on deck or below deck machinery, masts, spars, rigging and sails, equipment, accessories, tender(s) and trailer, that would not normally be demountable and would be sold with the ***Boat,*** and includes generators, refrigerators, desalinators, air conditioning and hydraulic equipment.

**L.** **"*Boat Machinery*"** - means the motor(s) being inboard or outboard and their drive units, being stern drive or jet, and their transmission boxes, jet units, shafts, propellers, skegs and wiring control cables.

**M**. **"*Boat Mast(s), Spars, Rigging and Sails*"** - means masts, booms and fittings including spinnaker poles, standing and running rigging and sails both in use and on the **Boat**.

...

**ACTIONS TO TAKE IN THE EVENT OF A LOSS**

11

Immediately upon a loss *You* are to immediately notify *Us* of the loss and its circumstances and take all necessary steps to protect the property from further loss.
*We* will pay the reasonable expenses incurred in doing this when the loss is covered under this *Contract*. *We* do not pay for your labor or personal expenses and *We* do not pay an amount exceeding the insured value of *Your Boat*.

*Following a loss, You* are to:

– Comply with any reasonable request made of *You* by *Us*;
– In the event of submersion, immediately flush out, oil and dry motors, electrical equipment and components;

…

## BOAT CONTRACT INSURING AGREEMENT

*We*, The Underwriters, and *You*, the insured, agree to comply with the terms of this *Contract* for our mutual benefit on the condition that *You* pay the charges and use reasonable care and diligence in the operation and maintenance of the insured *Boat*, we will pay for direct physical loss or damage to the Boat from any external cause minus any applicable *Deductible* as shown on the *Declarations Page*

Notwithstanding the above, coverage afforded hereon is in accordance with attached wording and may be varied by endorsement as shown within Endorsement Page(s) contained in this *Contract*, such endorsements being specifically noted on the *Declarations Page*

…

SECTION 1 – HULL

If a *Sum Insured* is shown for Section 1 on the *Declarations Page, We* will pay for direct accidental physical loss or damage to Your Boat which occurs during the period of this insurance contract within *Navigation Limits* as detailed on the above mentioned *Declarations Page* and subject to the terms and conditions of this *Contract.* At *Our* option, *We* may pay the reasonable cost of repairing *Your Boat*. The amount(s) payable under this Section will not exceed the amounts shown on the *Declarations Page* under Section 1.

In the event *Your Boat* is a total loss or is deemed by *Us* to be a constructive total loss (where the expense of recovering and repairing *Your Boat* exceeds 80% of its insured value on the *Declarations Page*), *We* are entitled to the salvage value of *Your Boat and You* are required, at *Our* election, to tender abandonment of *Your Boat to Us* after *We* have paid *You*r claim in full in accordance with the terms of this Contract. *We* are not required, however, to accept abandonment of *Your Boat*.

*Cover* is also provided for the following:

Fowler White Burnett P.A. • One Financial Plaza, Suite 2100, 100 Southeast Third Avenue, Fort Lauderdale, FL 33394• (954) 377-8100

*A. We* will pay all agreed and necessary salvage charges occasioned by a loss insured under this Section. *Our* liability for salvage charges shall not exceed 100% of the *Sum Insured* under Section 1 of the insurance SeaWave's Yacht Policy contains an exclusion which is applicable to this situation.
...

## EXCLUSIONS

We do not provide coverage under Section 1 (Hull) for losses or damages arising directly or indirectly from:

J. Loss or damage to Your Boast and/or its equipment due to the abandonment by You or any other party in control of Your Boat with Your authority.

K. Any claims caused by or arising out of the unseaworthiness or lack of repair of *Your Boat* caused by the lack of reasonable care and due diligence in the safeguard or maintenance of *Your Boat* by *You* or any other party in control of *Your Boat* with *Your* authority;

L. All loss, damages or expenses intentionally caused to Your Boat by You or any other party in control of Your Boat with Your authority.

…

T. Negligence or breach of contract in respect of any repair or alteration work carried out for *Your* account or in respect of the maintenance of *Your Boat*;

(Policy, Exh. 1, p. 2-6)

    9.      On or about July 18, 2016, Chaney's agents completed certain installations and/or

repairs to the Gran Cru, including the installation of a plastic pipe and plastic union for the

cockpit transom bulwark live bait well.

    10.     The plastic union was damaged below the waterline, as it had a vertical crack

running lengthwise over the entire length of the union.  As a result, water began to flood the

vessel's bilge area.

    11.     On August 13, 2016, the Gran Cru was found sunken at its mooring in Key Largo,

Florida, under benign conditions.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, Fort Lauderdale, FL 33394• (954) 377-8100

12.     On or about August 13, 2016, Chaney filed an insurance claim for property damage under the Policy.

13.     On or about October 5, 2016 Lloyd's denied coverage.

14.     On or about September 7, 2017 Chaney filed a lawsuit in the Sixteenth Judicial Circuit Court in and for Monroe County, Florida.

15.     Lloyd's timely removed to this Court on or about September 25, 2017.  (DE 1)

16.     As detailed below, Lloyd's is in doubt as to whether there is coverage for this loss under the Policy.

17.     Accordingly, there is an actual case in controversy between the Parties requiring judicial action.  Lloyd's seeks a declaration by the Court as to whether coverage exists under the Policy.

18.     All conditions precedent to this action have occurred or been performed or waived.

19.     Lloyd's has engaged the undersigned counsel to represent it in this action and has agreed to pay counsel a reasonable fee for services rendered.

## COUNT I: BREACH OF THE ABSOLUTE WARRANTY OF SEAWORTHINESS UNDER GENERAL MARITIME LAW

20.     Lloyd's re-alleges and re-asserts the allegations in Paragraphs 1 through 19 above, as is more fully set forth at length herein.

21.     Under the general maritime law of the United States, there is implied in every policy of marine insurance an absolute warranty that the vessel will be seaworthy at the inception of the risk.

22.     The Gran Cru was unseaworthy due to the leak and defect in the installation of a plastic pipe and/or plastic union for the cockpit transom bulwark live bait well.

14

23.     Further, because the Gran Cru sank at its mooring in Key Largo, Florida, under benign conditions on or about August 13, 2016, the Gran Cru was unseaworthy no later than that date.

24.     Accordingly, Chaney breached the absolute warranty of seaworthiness implied in the Policy which renders the policy void.

25.     The vessel's unseaworthiness was the direct and proximate cause of Chaney's losses.

26.     All of the damages claimed and expenses incurred as a result of the Gran Cru's loss were proximately caused by the unseaworthy condition that existed no later than August 13, 2016.

WHEREFORE, Lloyd's respectfully requests this Honorable Court to adjudge and declare the following:

a.     The vessel Gran Cru was unseaworthy no later than August 13, 2016;

b.     There is no insurance coverage afforded by the Policy and is void *ab initio*;

c.     The loss and/or damage to the Gran Cru was proximately caused by her unseaworthy condition no later than August 13, 2016 and/or by negligent repairs;

d.     The loss and/or damage to the Gran Cru is not covered by, but is excluded from coverage under the implied absolute warranty of seaworthiness under the general maritime law; and

e.     Grant any other relief this Honorable Court may deem just and proper.

Fowler White Burnett P.A. • One Financial Plaza, Suite 2100, 100 Southeast Third Avenue, Fort Lauderdale, FL 33394• (954) 377-8100

## COUNT II: BREACH OF THE EXPRESS WARRANTY OF SEAWORTHINESS

27.     Lloyd's re-alleges and re-asserts the allegations in Paragraphs 1 through 19 above, as is more fully set forth at length herein.

28.     The Policy issued to Chaney by Lloyd's contains a Seaworthiness Warranty provision, which states, in pertinent part:

**SEAWORTHINESS WARRANTY**

It is warranted that the scheduled Boat is seaworthy at the inception of this ***Contract***.

Violation or failure to comply with [sic] of this warranty will void this ***Contract*** from its inception.

(Exh. 1, p. 13).

29.     The Gran Cru was unseaworthy due to the leak and defect in the installation of a plastic pipe and/or plastic union for the cockpit transom bulwark live bait well.

30.     Further, because the Gran Cru sank at its mooring in Key Largo, Florida, under benign conditions on or about August 13, 2016, the Gran Cru was unseaworthy no later than that date.

31.     Accordingly, as there is a breach of the express warranty of seaworthiness in the Policy there is no insurance coverage for the losses or damages claimed by Chaney.

32.     The vessel's unseaworthiness was the direct and proximate cause of the Chaney's losses.

33.     All of the damages claimed and expenses incurred as a result of the Gran Cru's loss were proximately caused by the unseaworthiness of the vessel that existed no later than August 13, 2016.

16

WHEREFORE, Lloyd's respectfully requests this Honorable Court to adjudge and declare the following:

        a.     The vessel Gran Cru was unseaworthy no later than August 13, 2016;

        b.     There is no insurance coverage afforded by the Policy and is void *ab initio*;

        c.     The loss and/or damage to the Gran Cru was proximately caused by her unseaworthy condition no later than August 13, 2016 and/or by negligent repairs;

        d.     The loss and/or damage to the Gran Cru is not covered by, but is excluded from coverage by the Policy's Seaworthiness Warranty; and

        e.     Grant any other relief this Honorable Court may deem just and proper.

### COUNT III: LOSS COMPLAINED OF IS NOT A COVERED LOSS DUE TO LACK OF FORTUITY

34.     Lloyd's re-alleges and re-asserts the allegations in Paragraphs 1 through 19 above, as is more fully set forth at length herein.

35.     The Policy issued to Chaney by Lloyd's provides:

SECTION 1  - HULL

If a **Sum Insured** is shown for Section 1 on the **Declarations Page**, **We** will pay for direct accidental physical loss or damage to Your Boat which occurs during the period of this insurance contract within **Navigation Limits** as detailed on the above mentioned **Declarations Page** and subject to the terms and conditions of this **Contract**. At **Our** option, **We** may pay the reasonable cost of repairing **Your Boat**. The amount(s) payable under this Section will not exceed the amounts shown on the **Declarations Page** under Section 1.

(Exh. 1, p. 4)

36.     The loss and/or damage to the Gran Cru does not constitute a "direct accidental physical loss" for which coverage is afforded under the express terms of the Policy.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

37.     The plastic union for the cockpit transom bulwark live bait well was negligently repaired as it was overtightened during installation.  This resulted in a vertical crack running lengthwise over the entire length of the union.

38.     The Gran Cru sank at its mooring in Key Largo, Florida, under benign conditions, due to the negligent repair of the plastic union for the cockpit transom bulwark live bait well.

39.     The Gran Cru was unseaworthy due to the leak and defect in the installation of a plastic pipe and/or plastic union for the cockpit transom bulwark live bait well caused by the negligent repairs. Therefore, there is no coverage under the Policy.

40.     There is no insurance coverage for Chaney's claim because the loss was not fortuitous.

WHEREFORE, Lloyd''s respectfully requests this Honorable Court to adjudge and declare the following:

a.     The loss and/or damage to Gran Cru was not fortuitous and there is no coverage for the loss she sustained on or about August 13, 2016.

b.     There is no insurance coverage afforded by the Policy because the loss was not fortuitous;

c.     The loss and/or damage to the Gran Cru was proximately caused by her unseaworthy condition no later than August 13, 2016 and/or by negligent repairs;

d.     The loss and/or damage to Gran Cru is not covered under the Policy's coverage provisions; and

e.     Grant any other relief this Honorable Court may deem just and proper

18

## COUNT IV: LOSS COMPLAINED OF IS NOT A COVERED LOSS DUE TO UNSEAWORTHINESS

41.     Lloyd's re-alleges and re-asserts the allegations in Paragraphs 1 through 19 above, as is more fully set forth at length herein.

42.     The Policy also expressly excludes claims for losses or damages arising directly or indirectly from "Any claims caused by or arising out of the unseaworthiness or lack of repair of *Your Boat* caused by the lack of reasonable care and due diligence in the safeguard or maintenance of *Your Boat* by *You* or any other party in control of *Your Boat* with *Your* authority". (Exh. 1, p. 5, ¶ K )

43.     The Gran Cru was unseaworthy due to the leak and defect in the installation of and/or a plastic pipe and plastic union for the cockpit transom bulwark live bait well.

44.     Further, because the Gran Cru sank at its mooring in Key Largo, Florida, under benign conditions on or about August 13, 2016, the Gran Cru was unseaworthy no later than that date.

45.     Accordingly, as Policy Exclusion K excludes claims due to unseaworthiness, there is no insurance coverage for the losses or damages claimed by Chaney

46.     The vessel's unseaworthiness was the direct and proximate cause of Chaney's losses.

47.     All of the damages claimed and expenses incurred as a result of the Gran Cru's loss were proximately caused by the unseaworthy condition that existed no later than August 13, 2016.

WHEREFORE, Lloyd's respectfully requests this Honorable Court to adjudge and declare the following:

a.     The vessel Gran Cru was unseaworthy no later than August 13, 2016;

19

     b.     Policy Exclusion K excludes claims due to unseaworthiness;

     c.     The loss and/or damage to the Gran Cru was proximately caused by her unseaworthy condition no later than August 13, 2016 and/or by negligent repairs;

     d.     The loss and/or damage to the Gran Cru is not covered by, but is excluded from coverage by Policy Exclusion K; and

     e.     Grant any other relief this Honorable Court may deem just and proper.

### COUNT V: LOSS COMPLAINED OF IS NOT A COVERED LOSS DUE TO NEGLIGENT REPAIRS

48.     Lloyd's re-alleges and re-asserts the allegations in Paragraphs 1 through 19 above, as is more fully set forth at length herein.

49.     The Policy issued to Chaney by Lloyd's expressly excludes claims for losses or damages arising directly or indirectly from "Negligence or breach of contract in respect of any repair or alteration work carried out for ***Your*** account or in respect of the maintenance of ***Your Boat***".  (Exh. 1, p. 6, ¶ T).

50.     Under the general maritime law, a loss must be occasioned by a covered peril in order for an insured to recover under the subject Policy.

51.     The plastic union for the cockpit transom bulwark live bait well was negligently repaired as it was overtightened during installation, resulting in a vertical crack running lengthwise over the entire length of the union.

52.     Because the Gran Cru sank at its mooring in Key Largo, Florida, under benign conditions, due to the negligent repair of the plastic union for the cockpit transom bulwark live bait well, there is no coverage under the Policy.

53.     The loss and/or damage to the Gran Cru was caused by or resulted from a cause expressly excluded by Policy Exclusion T: negligent repairs.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

54.     There is no insurance coverage for Chaney's claim because the  damages were caused by or resulted from a cause excluded under the Policy.

WHEREFORE, Lloyd's respectfully requests this Honorable Court to adjudge and declare the following:

a.     The loss and/or damage to Gran Cru was proximately caused by her unseaworthy condition no later than August 13, 2016 and/or by negligent repairs and there is no coverage for the loss she sustained on or about August 13, 2016.

b.     Policy Exclusion T excludes damages caused by negligent repairs;

c.     The loss and/or damage to the Gran Cru was proximately caused by her unseaworthy condition no later than August 13, 2016 and/or by negligent repairs;

d.     The loss and/or damage to Gran Cru is not covered by, but is excluded from coverage by Policy Exclusion T; and

e.     Grant any other relief this Honorable Court may deem just and proper.

Lloyd's also requests that the Court award such other and further relief to which it may be justly entitled.

Dated: December 1, 2017                      Respectfully submitted,


/s/ Charles S. Davant
Charles S. Davant
Fla. Bar No. 15178
Email: CSD@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:    (954) 377-8100
Facsimile:    (954) 377-8101

21

### CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2017, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Charles S. Davant
Charles S. Davant

### SERVICE LIST

Paul Parrish, Esq.
Quarles & Brady LLP
101 East Kennedy Blvd
Suite 3400
Tampa FL 33602
*Attorneys for Plaintiff*

4829-8033-4935, v. 8

22